IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> REGIS CORPORATION, d/b/a Smart Style Family Hair Salon, <br><br> Defendant. | CIVIL ACTION NO. 7:15-CV-00151 <br><br> COMPLAINT <br><br> <u>JURY TRIAL DEMAND</u> |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Hope Hunt and Annie Mae Locklear, who were adversely affected by such practices. Specifically, Plaintiff U.S. Equal Employment Opportunity Commission (the "Commission") alleges that Defendant Regis Corporation d/b/a Smart Style Family Hair Salon ("Defendant") discriminated against Hope Hunt ("Hunt") and Annie Mae Locklear ("Locklear") in violation of Title VII when it discharged them in retaliation for complaining about race discrimination.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina, Southern Division.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a Minnesota corporation doing business in the State of North Carolina and the City of Pembroke, North Carolina, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Hunt and Locklear each filed charges with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about August 14, 2014, Defendant engaged in unlawful employment practices at its Pembroke, North Carolina facility in violation of 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), when it discharged Hunt and Locklear in retaliation for engaging in a protected activity, as more fully set forth below.

8. In or around August 2010, Hunt was hired by Defendant to work as a hair stylist at Respondent's salon in Pembroke, North Carolina. In or around May 2013, Locklear was hired

2

by Defendant to work as a hair stylist at Defendant's salon in Pembroke, North Carolina. In or around January 2014, Locklear was promoted to salon manager of the salon.

9. Sometime in June 2014, Locklear began interviewing candidates for a hair stylist position in the salon. Following the interview of an African American candidate for the position, a co-worker told Locklear and Hunt that she did not want an African American working in the salon.

10. Before Locklear could complete the hiring process for the new stylist position in the salon, Locklear stepped down from her position as salon manager and resumed working for Defendant as a hair stylist. Locklear assumed that the new salon manager would hire the African American applicant that Locklear had interviewed for the open stylist position. However, Locklear's coworker (who had made the comment about not wanting African Americans working in the store) was promoted to salon manager. Soon after the coworker became salon manager, she interviewed a Native American candidate for the open stylist position and indicated to Locklear and Hunt that she intended to hire the Native American candidate.

11. On or about July 12, 2014, Locklear and Hunt engaged in protected activity when they told the African-American candidate that the new salon manager did not want to hire her because of her race, African-American.

12. On July 14, 2014, the new salon manager hired the Native American candidate as a stylist in Defendant's Pembroke salon.

13. On August 14, 2014, Defendant terminated Hunt and Locklear. Defendant informed Hunt and Locklear that it was terminating them for lying when they told the African-American candidate that she was not hired because of her race.

14. Hunt and Locklear were discharged because they opposed employment practices they reasonably believed were prohibited by Title VII.

3

15. The effect of the practices complained of above has been to deprive Hunt and Locklear of equal employment opportunities and otherwise adversely affect their status as employees because of their opposition to practices made unlawful under Title VII.

16. The unlawful employment practices complained of above were intentional.

17. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Hunt and Locklear.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in retaliation against employees because they have opposed unlawful employment practices or otherwise engaged in protected activity under Title VII.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for employees who oppose, or have opposed unlawful employment practices or otherwise engage in protected activity under Title VII, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Hunt whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices described above, including but not limited to reinstatement or front pay.

D. Order Defendant to make Hunt whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Order Defendant to make Hunt whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

F. Order Defendant to pay Hunt punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Order Defendant to make Locklear whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices described above, including but not limited to reinstatement or front pay.

H. Order Defendant to make Locklear whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

I. Order Defendant to make Locklear whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

J. Order Defendant to pay Locklear punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

K. Grant such further relief as the Court deems necessary and proper in the public interest.

L. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated this the 22nd day of July, 2015.

        Respectfully submitted,
        U.S. EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION

        P. DAVID LOPEZ
        General Counsel

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        /s/ Lynette A. Barnes
        LYNETTE A. BARNES
        Regional Attorney
        Charlotte District Office
        129 W. Trade Street, Suite 400
        Charlotte, NC 28202

        /s/ Katherine A. Zimmerman
        KATHERINE A. ZIMMERMAN
        NC Bar No. 36393
        Trial Attorney
        Raleigh Area Office
        434 Fayetteville Street, Suite 700
        Raleigh, NC 27601
        Phone: (919) 856-4148
        Fax: (919) 856-4156
        katherine.zimmerman@eeoc.gov

        ATTORNEYS FOR PLAINTIFF